### ILSLAY et al. v. SMEDES.

*(City Court of New York, General Term.   October 31, 1889.)*

NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDERS—COLLATERAL SECURITY.
  The *bona fide* holder for value of a negotiable note, without notice and before maturity, is not bound to inquire whether there is collateral security accompanying it, where it contains no reference to security; and, in a suit by the holder to collect it, evidence of collateral deposited with plaintiff's assignor to secure its payment is inadmissible.

Appeal from trial term.

Action by William C. Ilslay, Chester P. Doubleday, and Edwin S. Doubleday, constituting the firm of Ilslay, Doubleday & Co., against Thomas S. Smedes, on a promissory note payable to B. F. Watkins and assigned to plaintiffs. The defense was conversion of collateral security, the evidence of which was excluded by the court, and a verdict directed for plaintiffs, and from judgment entered thereon defendant appeals.

Argued before McADAM, C. J., and HOLME, J.

*Andrews & Purdy*, for appellant.   *Reynolds & Harrison*, for respondents.

PER CURIAM. The plaintiffs became *bona fide* holders of the note in suit for value, and without notice, before maturity. This is the legal presumption, and it was not negatived. The note is in the ordinary form, makes no reference to collateral, and the plaintiffs were not bound to inquire or ascertain whether there was collateral accompanying it or not. The note is not printed, but there is nothing in the case to show that it differs in any way from an ordinary promise to pay. The defendant offered nothing which changed the burden of proof, or in any way altered the legal presumption. The record offered in evidence was ruled out; it was between different parties, and was apparently inadmissible. The record is not before the court, is not printed in the case, and we are unable to determine that any error was committed. The colloquy between the court and counsel, after the verdict was directed, does not make the direction erroneous. It follows, therefore, that the judgment appealed from must be affirmed, with costs.